UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-25053

CELIA REYES BERMUDEZ,

    Plaintiff,

vs.

CGTD ENTERPRISES, INC. f/k/a
TOUCH BOUTIQUE, INC.,
CYNTHIA GRIFFITHS, and
CALVIN GRIFFITHS,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Celia Reyes Bermudez, sues Defendants, CGTD Enterprises, Inc. f/k/a Touch Boutique, Inc., Calvin Griffiths and Cynthia Griffiths, for violating Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows"

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Celia Reyes Bermudez**, was and is a resident of Duval County, Florida, at all times material, and he is *sui juris*.

2.     Plaintiff was an hourly non-exempt employee of Defendants.

3.     Plaintiff consents to participate in this lawsuit.

4.     **Defendant, CGTD Enterprises, Inc. ("CGTD")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains its office and principal place of business in Miami-Dade County, Florida. CGTD was formerly known as Touch Boutique, Inc., which operated out of the same location, with one or more common

1

officers/directors/owners, engaged in the same business, used the same website (www.touchdolls.com), and utilized most if not all of the same workers/employees such that CGTD constitutes a continuation of Touch Boutique, Inc.

5. **Defendant, Calvin Griffiths**, was and is an officer, owner, president, and operator of CGTD for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in this District.

6. **Defendant, Cynthia Griffiths**, was and is an officer, owner, president, and operator of CGTD for the relevant time period. She also ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. She lives and works in this District.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. All Defendants employed Plaintiff.

9. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in this District, where payment was to be received.

2

### *Background Facts*

11.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12.     Defendants have been at all times material engaged in interstate commerce in the course of their marketing, advertising, and sale of clothing and fashion accessories which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

13.     Defendants marketed and advertised for sale clothing and fashion accessories made outside of the State of Florida to customers located around the United States through their e-Commerce website, https://www.touchdolls.com, while using machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce prior to Defendants' use of same.

14.     Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16.     Plaintiff worked for Defendants from June 15, 2017 through and including November 22, 2019.

17.     Plaintiff's work for Defendants was actually in or so closely related to the

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

18. Plaintiff worked for Defendants by performing retail sales within Defendants' store of merchandise/clothing/accessories that traveled in interstate commerce prior to arriving at Defendants' store and/or that traveled in interstate commerce after being sold and/or shipped by Plaintiff.

19. During this time, Plaintiff regularly and routinely engaged in making electronic transmissions through the phone and the internet, as well as transmitting credit card information, to locations outside of the State of Florida.

20. Defendants agreed to pay Plaintiff, Celia Cruz, an hourly rate of $11.00 per hour and then an hourly wage of $12.00 per hour until Defendants promoted her to manager and paid her a salary in February 2018.

21. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

### *Liability*

22. Prior to her working as a salaried managerial employee, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one and one-half times her regular rate(s) of pay, for all hours worked over 40 hours in a given workweek.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half their regular rate(s) of pay for each of the overtime hours worked prior to working as a salaried manager during the three years prior to the filing of this lawsuit.

4

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked prior to being a salaried managerial employee violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay her overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

25. All conditions precedent were satisfied by Plaintiff or were waived by Defendants.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Celia Reyes Bermudez, demands the entry of a judgment in his favor and against Defendants, CGTD Enterprises, Inc. f/k/a Touch Boutique, Inc., Calvin Griffiths and Cynthia Griffiths, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

  e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Celia Reyes Bermudez, demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of December 2019,

           Brian H. Pollock, Esq.
           Brian H. Pollock, Esq. (174742)
           brian@fairlawattorney.com
           FAIRLAW FIRM
           7300 N. Kendall Drive
           Suite 450
           Miami, FL 33156
           Tel: 305.230.4884
           *Counsel for Plaintiff*